## C. M. TAPAGER v. P. C. NIELSON.[1]

October 13, 1922.

No. 22,943.

**False representations as to contents of contract of sale.**

1. The evidence set out in the opinion supports a finding that a material term of a bargain for the sale of a farm was omitted from the written contract and that the purchaser was induced to execute the contract in reliance upon a representation by the seller that the writing expressed all the agreed terms of the sale.

[1]Reported in 190 N. W. 54.

Evidence as to wet land admissible as proof of evidential collateral fact.

    2. Where the purchaser asserted and the seller denied that there was to be a reduction in the purchase price if a public drainage ditch, which would drain the farm, was not secured, evidence was properly received to show that a considerable portion of the farm was low wet land and needed drainage. Its admission was justified under the rule that evidence of a collateral fact is admissible whenever it has a logical tendency to throw light on the question in issue.

Action in the district court for Freeborn county to recover $1,166.47, the unpaid purchase price of certain farm land. The defense set up in the answer will be found in the first paragraph of the opinion. The case was tried before Catherwood, J., who at the close of the testimony denied plaintiff's motion for a directed verdict and a jury which returned a verdict in favor of defendant for $433.53. Plaintiff's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

    *Morgan & Fullerton*, for appellant.

    *Moonan & Moonan*, for respondent.

LEES, C.

This action was brought to recover the unpaid portion of the purchase price of a farm of 160 acres, sold by plaintiff to defendant. There was a contract of sale under the terms of which plaintiff was admittedly entitled to recover the amount for which he sued. Defendant answered, alleging that the contract omitted one of the terms of sale, which was to the effect that plaintiff would secure public drainage in order that some 60 acres of wet land in the farm could be drained, and that if it was not secured he would allow defendant a credit upon the purchase price of $10 an acre, or $1,600. It was alleged that plaintiff falsely represented that this agreement was incorporated in the contract as written, that defendant relied upon the representation, and, believing it to be true, was thereby induced to execute the contract in ignorance of the omission, and that a public drainage ditch had not been secured. Upon these facts defendant based a counterclaim for $1,600,

which the jury allowed by their verdict. Plaintiff moved for a new trial. The motion was denied, judgment for defendant was entered, and plaintiff has appealed. The principal question presented is whether a new trial should have been granted for insufficiency of the evidence to support the verdict.

The parties are of Danish origin. Defendant was occupying the farm as plaintiff's tenant when the sale was made. He and his wife testified that the terms of sale were agreed upon at the farm house a day or two before the contract was executed; that the talk was in Danish; that the plaintiff made a memorandum in that language of the terms agreed upon, taking it with him to have the contract drawn in accordance therewith, and that one of the terms was that defendant was to pay $10 an acre less for the farm if public drainage was not secured. This was specifically denied by the plaintiff. The contract was drawn by Judge Meighen at his office in Albert Lea in February, 1914. Plaintiff testified that defendant went with him to the office and that the terms of sale were then and there stated and the contract prepared in conformity with them. In this he was corroborated by Judge Meighen and his stenographer. On the other hand, defendant testified that when he got to the office the contract had already been prepared; that it was read to him by the stenographer, but he did not clearly understand it because of his imperfect acquaintance with the English language; that plaintiff assured him it was written in accordance with their previous agreement, and, believing this to be the fact, he signed it. He returned to the farm with a copy and had his wife read it. She discovered that no mention was made of the agreement respecting drainage. He testified that a day or two later he returned to Albert Lea and called plaintiff's attention to the omission. Plaintiff assured him it was of no consequence, that he was a man of his word and would do as he agreed, and so the contract was not changed. All this is denied by the plaintiff.

In March, 1914, a petition for a judicial ditch was circulated by plaintiff and defendant. One of the landowners, to whom it was presented for signature, testified that when both parties were present one or the other told him that plaintiff had sold his farm to

defendant and had agreed to get a drainage ditch for him.  This the plaintiff also denied.  In 1918 defendant was called upon by plaintiff's attorneys to pay the balance due on the contract.  He proposed to get a loan sufficient to pay part of the amount due, making no claim against the plaintiff for an offset.

The case has been tried twice.  Both juries found for the defendant.  The trial judge set aside the first verdict for insufficiency of the evidence, but refused to set aside the second.  The evidence in support of plaintiff's denial of the alleged agreement is quite persuasive.  Judging from the record, the jury might well have found in plaintiff's favor.  However, this court has repeatedly declined to reverse an order denying a new trial where it could fairly be said that different conclusions might be reached by reasonable men in weighing the evidence relating to a disputed question of fact.  The most recent illustration of the application of the rule will be found In re Murphy's Estate, supra, page 60.  The case at bar is not one where fair-minded men could not differ in their conclusions with respect to the truth of the matter in dispute, and hence we are constrained to uphold the denial of a new trial, unless there were errors of law entitling plaintiff to have the verdict set aside.  The only error of law to which plaintiff points in his brief relates to the admission of evidence that a portion of the farm consisted of low wet land and to the quantity of such land.

Plaintiff's counsel correctly assert that the issue in the case was whether the parties made the agreement pleaded by the defendant, and that the evidence in question had no direct bearing on that issue.  But it did bear on it indirectly, for the reason that, unless a considerable portion of the farm needed drainage, it is highly improbable that the alleged agreement would have been made.  If the land was wet, the value of the farm would be materially enhanced by drainage, and defendant would naturally be willing to pay more for it than he would if a public drain could not be secured. The reception of the evidence was justified under the well-established rule that evidence of a collateral fact is admissible whenever it has a logical tendency to shed light on the question in issue and will aid the jury in judging as to the reasonableness or unreason-

ableness of the respective claims of the parties. 1 Dunnell, Minn. Dig. § 3252.

Judgment affirmed.